[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on February 2, 1974 in Milford Connecticut. They have resided continuously in this state since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82, 46b-62, Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff is 40 years of age and in good health. She has a C.D. of $14,700, which represents the net remaining proceeds from her motor vehicle accident case. She was previously employed as a head cashier at Waldbaums earning approximately $15,000 to $16,000 per year. She has obtained a CNA degree but has been unable to obtain any employment in the health field.
The defendant is 40 years of age and in good health. He completed 8th grade. He is a self-employed jobber working as a machinist and earning approximately $30,000 per year net.
The parties separated in 1994 after 20 years together, and have lived apart the past three years. The defendant left the plaintiff to live with another woman and he has placed his car and trailer in her name.
Drinking, arguments and infidelities characterized this marriage. Both children of the marriage are now over the age of 18 years.
During the separation, the defendant paid the monthly mortgage payment without any court order. The parties 18 year old CT Page 13176 daughter continues to reside in the marital home with the plaintiff.
The parties were unable to resolve their marital difficulties. The court determines that the greater fault for the breakdown of the marriage is attributable to the defendant.
The following orders shall enter:
1. The defendant shall transfer to the plaintiff all of his right, title and interest in and to the premises known as 99 Naugatuck Avenue, Milford, Connecticut. The plaintiff shall hold the defendant harmless from any mortgage, taxes or insurance on said property. The plaintiff shall be entitled to all of the furniture and furnishings located within the marital home. The defendant shall maintain the mortgage current through December 31, 1997.
2. The defendant shall retain his pension and stocks from Raybestos/Milford Rivet.
3. The defendant shall be responsible for any sums owed to the IRS.
4. Each party shall retain the assets as shown on their respective financial affidavits unless otherwise disposed of herein.
5. The defendant shall pay to the plaintiff as alimony the sum of $110 per week for a period of ten years, or the death of the plaintiff, the death of the defendant, the plaintiff's remarriage or cohabitation as defined by statute, whichever event shall first occur. Said order shall commence on December 29, 1997.
6. Both parties shall remain jointly liable for the Milford Hospital bill incurred for their minor daughter.
7. Each party shall be responsible for their respective attorneys fees.
Coppeto, J. CT Page 13177